43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott A. McMILLAN, Plaintiff-Appellant,
v.
Rudy CAMACHO, District Director of Customs, Defendant-Appellee.
 No. 93-55760.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided Dec. 14, 1994.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott A. McMillan appeals pro se the district court's denial of his motion for a preliminary injunction requiring the United States Customs Service (Customs Service) to follow certain oversight procedures whenever it conducts a border search of McMillan, his family or his employers. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1), and we affirm.[1]
 
 
 3
 * Preliminary Injunction
 
 
 4
 McMillan contends the district court erred by concluding that he failed to show the possibility of irreparable harm. We reject the argument.
 
 
 5
 A district court's denial of a preliminary injunction is subject to a limited review. Miller v. California Pacific Medical Ctr., 19 F.3d 449, 455 (9th Cir.1994) (en banc). We will only reverse the denial of a preliminary motion "where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." Id. Under either formulation of the test, the moving party must show a significant threat of irreparable harm. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 6
 " 'To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor.' " Id. (quoting Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir.1984)). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988).
 
 
 7
 In his underlying action, McMillan alleged that the Customs Service is attempting to prevent him from practicing his new career as a customhouse broker by unreasonably seizing his property. McMillan referred to three specific instances to support his allegation. The first incident involved an inspector's detention of McMillan's wallet at the Customs Service's San Diego office. The inspector confiscated McMillan's wallet during a routine pat-down search because the wallet appeared to be made from crocodile skin and, therefore, was subject to exclusion from the United States as the product of an endangered species. Two days later, after conducting tests on the wallet, the Customs Service notified McMillan that the wallet was not subject to exclusion and was available for pick up.
 
 
 8
 The second incident involved the Service's alleged wrongful detention of computer merchandise belonging to McMillan's employer. McMillan claimed the San Diego office had conspired with the Oakland office to detain the merchandise as part of the Customs Service's harassment and intimidation campaign.
 
 
 9
 The third incident involved the disappearance of McMillan's briefcase after he accidently left it at the San Diego office following a meeting of customhouse brokers. McMillan alleges that the Customs Service is in possession of the briefcase and refuses to return it.
 
 
 10
 In his request for injunctive relief, McMillan asserted that the Customs Service's failure to issue him receipts for merchandise that it retained in custody constituted selective enforcement and harassment. Therefore, McMillan sought a preliminary injunction requiring the Customs Service to: (1) obtain a court warrant prior to any border search; (2) allow McMillan to have his attorney present during any "invasive" search; and (3) issue him a receipt for any property seized or detained.
 
 
 11
 The district court found that McMillan had failed to establish the potential for irreparable harm from the Customs Service's actions. The court noted that McMillan had admitted receiving many merchandise receipts from the Customs Service in the past. The court also found that there was a dispute as to whether a receipt for the wallet was even required given the nature and duration of the seizure. Regarding McMillan's briefcase and computer merchandise, the court found no evidence that the items had ever been in the possession of the Customs Service's San Diego office.
 
 
 12
 Based upon our review of the record, we cannot say the district court clearly erred by finding that McMillan failed to demonstrate a significant threat of irreparable injury. See Oakland Tribune, Inc., 762 F.2d at 1378. Absent such a showing, we need not determine whether McMillan will eventually prevail in his claims. See id. The district court therefore did not abuse its discretion by denying McMillan's motion for a preliminary injunction sought on his behalf.
 
 II
 Standing
 
 13
 McMillan contends the district court erred by finding that he lacked standing to assert the interests of either his family members or his present and future employers. Again, we reject the argument.
 
 
 14
 We review de novo the question of standing. Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 61 (9th Cir.1994). Generally, a plaintiff may not assert a claim for relief based upon the legal rights or interests of a third party. Id. at 62. A plaintiff asserting a third-party right must show, among other things, that " 'there ... exist[s] some hindrance to the third party's ability to protect his or her own interests.' " Id. (quoting Powers v. Ohio, 499 U.S. 400, 411 (1991)).
 
 
 15
 Here, because McMillan has failed even to allege any hindrance which would prevent either his family members or his employers from protecting their own interests, the district court properly concluded that McMillan lacked standing to seek a preliminary injunction on their behalf. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny McMillan's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny McMillan's motion to strike the Government's supplemental excerpts of record. We also deny Appellee's "Motion to Dismiss due to Mootness."